[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12714
Non-Argument Calendar

_____

D.C. Docket No. 0:18-cv-61924-RNS

MOUNIRA DOSS,
individually and on behalf of all others similarly situated,

Plaintiff-Appellant-Cross Appellee,

versus

GENERAL MILLS, INC.,

Defendant-Appellee-Cross Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(May 20, 2020)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Mounira Doss, individually and on behalf of a putative class, filed a complaint asserting that General Mills, Inc., does not tell consumers that one of its products—Cheerios—contains glyphosate.  Glyphosate is a substance that is a "probable human carcinogen."  Doss brought four claims against General Mills, asserting a violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"); breach of warranty; breach of implied warranty of merchantability; and unjust enrichment.  Doss is appealing the district court's order granting General Mills's motion to dismiss her complaint.

## I.

Glyphosate, an herbicide, is often sprayed on oats before they are harvested. General Mills uses oats in manufacturing Original and Honey Nut Cheerios, the two cereals Doss addresses in her complaint.  Testing has revealed trace amounts of glyphosate in samples of these cereals.  The measured levels in the Cheerios that tested positive range between 470 and 1,125 parts per billion.  According to Doss, "even ultra-low levels of glyphosate may be harmful to human health."  Doss relies on a study published by a nonprofit entity, the Environmental Working Group, which has determined that the "health benchmark" for glyphosate is 160 parts per billion.

Doss's claims against General Mills stem from General Mills's alleged failure to disclose to consumers that its Original and Honey Nut Cheerios contain

2

glyphosate.  She seeks to represent a nationwide class defined as "all persons who purchased Cheerios and Honey Nut Cheerios in the United States" and a Florida class defined as "all persons in the State of Florida who purchased Cheerios and Honey Nut Cheerios."  Doss maintains that this putative class has been harmed by General Mills's lack of disclosure because, if they had known the cereal contained glyphosate, they would never have purchased it.

General Mills filed a motion to dismiss Doss's complaint on several grounds.  It argued that Doss lacked Article III standing; her claims were preempted; the Environmental Protection Agency had exclusive jurisdiction over Doss's claims; and Doss failed to state a claim under Federal Rule of Civil Procedure 12(b)(6).  The district court agreed that Doss lacked standing, primarily finding that there is "no allegation that the cereal she purchased even contains glyphosate, never mind harmful levels of it."  It dismissed Doss's complaint and declined to reach the other grounds General Mills raised.  Doss challenges that decision.

## II.

Whether a party has Article III standing is a threshold jurisdictional issue that must be resolved before any federal court can reach the merits of a plaintiff's claim.  Kawa Orthodontics, LLP v. Sec'y, U.S. Dep't of the Treasury, 773 F.3d 243, 245 (11th Cir. 2014).  We review de novo whether a plaintiff has Article III

standing. Id. "In assessing standing on a motion to dismiss, we presume the plaintiff's 'general allegations embrace those specific facts that are necessary to support the claim.'" Id. (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992)). We must accept as true all material allegations of the complaint and construe the complaint in favor of the complaining party. Id.

**III.**

To have Article III standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 578 U.S. ___, 136 S. Ct. 1540, 1547 (2016). To establish the first element, "a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." Id. at 1548 (quotation marks omitted). A "concrete" injury is "real[] and not abstract." Id. (quotation marks omitted). For an injury to be "particularized," it "must affect the plaintiff in a personal and individual way." Id. (quotation marks omitted).

Doss says she has suffered an economic loss solely by purchasing Cheerios that she would not have purchased if she knew they contained glyphosate. Economic injuries are the "epitome" of concrete injuries. MSPA Claims 1, LLC v. Tenet Fla., Inc., 918 F.3d 1312, 1318 (11th Cir. 2019). A person experiences an

4

economic injury when, as a result of a deceptive act or an unfair practice, she is deprived of the benefit of her bargain.  See Carriuolo v. Gen. Motors Co., 823 F.3d 977, 986–87 (11th Cir. 2016) (holding that class members bringing FDUTPA claims were denied the benefit of their bargain and thus injured when they purchased vehicles that were represented as having three perfect safety ratings but actually had no safety ratings).  "Ordinarily, when a plaintiff purchases a product with a defect, the product retains some value, meaning her benefit-of-the-bargain damages are less than the entire purchase price of the product."  Debernardis v. IQ Formulations, LLC, 942 F.3d 1076, 1084 (11th Cir. 2019).  However, one exception to this general rule applies when the "product is rendered valueless as a result of a defect."  Id. (quotation marks omitted).  We analyze Doss's allegations under this "valueless" framework.

Doss claims that "she was misled by General Mills' health-related statements," including that Cheerios are "packed with nutrients" and are "wholesome,"  because those statements are irreconcilable with the presence of glyphosate.  To evaluate a benefit-of-the-bargain theory in this context, we must consider whether Doss alleged that the presence of glyphosate lowers the value of the Cheerios she purchased.  See Debernardis, 942 F.3d at 1084.  Doss appears to be advancing a theory that the presence of glyphosate renders Cheerios unsafe to

5

eat.  See Complaint at ¶¶ 12, 14–16, 35; Appellant's Brief at 10.  But this is where her allegations do not match her underlying theory.

Doss has not alleged that glyphosate is wholly unsafe to consume, rendering the Cheerios she purchased valueless.  Cf. Debernardis, 942 F.3d at 1085 ("[W]e accept, at least at the motion to dismiss stage, that a dietary supplement that is deemed adulterated and cannot lawfully be sold has no value.").  Rather, she has alleged that "ultra-low levels of glyphosate," such as levels above a benchmark of 160 parts per billion, "may be harmful to human health."  But Doss has not alleged that she purchased any boxes of Cheerios that contained any glyphosate, much less a level of glyphosate that is so harmful the Cheerios are "presumptively unsafe" and therefore worthless.  See Debernardis, 942 F.3d at 1086.  Because Doss has alleged merely a "conjectural or hypothetical" injury, we affirm the district court's order granting General Mills's motion to dismiss.  See Spokeo, 136 S. Ct. at 1548.

**AFFIRMED.**